# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Criminal No. 1:23-cr-00946-WJ

MARIO FIGUEROA-CAMARILLO,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Count Three (**Doc. 31**), the United States' Response (**Doc. 38**), and Defendant's Reply to United States' Response (**Doc. 43**). Mr. Figueroa-Camarillo's argument is premised upon *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that § 922(g)(5) is an unconstitutional limitation on undocumented immigrants' Second Amendment rights (**Doc. 31 at 1, 3, 6–8**). Having reviewed the parties' submissions and the applicable law, the Court finds that Defendant's motion is not well-taken and is therefore **DENIED**. Mr. Figueroa-Camarillo's request for an evidentiary hearing[1] is also **DENIED**.

## BACKGROUND

The Court recites only the facts necessary to address the motion at issue.

On December 6, 2022, New Mexico State Police ("NMSP") Officer Santana conducted a traffic stop (**Doc. 38 at 2**). The stop was initiated because NMSP identified the truck that Mr.

---

[1] When a court stands to gain "no further, useful information from an evidentiary hearing," the denial of a requested hearing is permitted. *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012); *United States v. Gonzalez-Fierro*, 949 F.3d 512, 524 n.11 (10th Cir. 2020).

Figueroa-Camarillo was driving was stolen. *Id.* Mr. Figueroa-Camarillo provided his Mexican passport as identification—and later, NMSP Officer Santana located a "fully loaded 9mm magazine in the pocket of his hoodie sweatshirt." *Id.* A pre-tow inventory was conducted following the arrest. During the inventory, law enforcement discovered methamphetamine, fentanyl, a Taurus 9mm pistol, and ammunition. *Id.*

Mr. Figueroa-Camarillo now seeks a dismissal of Count Three of the Indictment (**Doc. 10**), which charges him with unlawfully possessing a firearm and ammunition as an illegal alien, in violation of 18 U.S.C. § 922(g)(5).

## LEGAL STANDARD

The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." But even so, the Second Amendment does not allow unfettered access to firearms for anyone who wants one. *See District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008) (describing "longstanding prohibitions" on the possession of firearms).

One such regulation is 18 U.S.C. § 922(g)(5) which prohibits aliens who are "illegally or unlawfully in the United States" from shipping, transporting, or possessing firearms or ammunition. Mr. Figueroa-Camarillo contends this restriction is "unconstitutional as applied" (**Doc. 31 at 3**).

To determine what limitations on access to firearms are acceptable, the Supreme Court set forth a two-part test. First, a court must look to see if "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 597 U.S. at 17. Then, a court must look to see if the firearm restriction at issue is "consistent with this Nation's historical tradition of firearm regulation." *Id.*

In the present case, Mr. Figueroa-Camarillo argues that § 922(g)(5) does not pass either prong of the *Bruen* test (**Doc. 31 at 5–7**). First, he contends that his conduct, possession of a firearm as an illegal alien, is covered by the Second Amendment. *Id.* Second, he maintains that § 922(g)(5) is inconsistent with historical firearm regulations in the United States and shares no historical legal analogue. *Id.*

For the reasons below, the Court disagrees.

## DISCUSSION

Although *Bruen* was a change in analytical framework, it has not proven to be a major change in the constitutionality of criminal firearms statutes. In fact, no court of appeals has held § 922(g)(5) "to be unconstitutional, either before or after *Bruen*." *United States v. Rangel-Tapia*, 2024 U.S. App. LEXIS 5591, at *9 (6th Cir. Mar. 6, 2024). On this point, this Court has previously concluded that Section 922(g)(5) is a permissible firearms restriction. *See United States v. Leveille*, 659 F. Supp. 3d 1279 (D.N.M. Mar. 7, 2023) (Johnson, C.J.).

Unsurprisingly, the Court reaches the same conclusion in this case—that is, that Section 922(g)(5) is a permissible firearms restriction. Text, history, and tradition support this conclusion.

## I. Plain Text of the Second Amendment

Defendant argues § 922(g)(5) is unconstitutional[2] under the *Bruen* test (**Doc. 31**) but cites to no case—let alone binding precedent—that holds his conduct (*i.e.*, possession of a firearm as an illegal alien), is covered by the Second Amendment.

---

[2] The Court is aware of two district court cases where 18 U.S.C. § 922(g)(5) was deemed unconstitutional. First, is *United States v. Carbajal-Flores*, No. 20-cr-613, 2024 U.S. Dist. LEXIS 40974 (N.D. Ill. Mar. 8, 2024). In this case, the District Judge found that the historical analogue requiring oaths of loyalty was insufficiently similar to the current prohibition on illegal aliens possessing firearms. *Id.* at *9–11. The other is *United States v. Sing Ledezman*, No. 23-cr-823, 2023 U.S. Dist. LEXIS 223028 (W.D. Tex. Dec. 10, 2023), wherein the District Judge read the Fifth Circuit's opinion in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023) to render all pre-*Bruen* decisions obsolete. The Court has read these opinions and does not consider them to be persuasive authority.

On this last point, there appears to be a circuit split as to whether *Bruen* overturned all prior circuit precedent. The Tenth Circuit determined it did not. *See Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (reaffirming *United*

To date, neither the Tenth Circuit nor the Supreme Court has explained if "the people" referred to in the Second Amendment include illegal aliens. *See Leveille*, 659 F. Supp. 3d at 1282. Although not dispositive, it appears logically consistent to conclude that illegal aliens do not fit into the categories of "law-abiding, responsible citizens," or "members of the political community." *Heller*, 544 U.S. at 580, 634. And federal courts are "bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holding." *Tokoph v. United States*, 774 F.3d 1300, 1303–04 (10th Cir. 2014). Thus, *Heller*'s dictum should be followed. *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009). To this point, the Eleventh Circuit's determination that the Second Amendment is a "citizen's right" is persuasive to this Court. *United States v. Jimenez-Shilon*, 34 F.4th 1042, 1046 (11th Cir. 2022) (citing Note, *The Meaning(s) of "The People" in the Constitution*, 126 HARV. L. REV. 1078, 1093 (2013)).[3] Mr. Figueroa-Camarillo is neither law-abiding[4] nor a citizen (**Doc. 38 at 5–9**). Accordingly, his as-applied constitutional challenge to Section 922(g)(5) should fail at step one.

---

States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) in the wake of *Bruen*). The Circuit has since explained *Vincent* "forecloses" arguments that § 922(g) offenses are "unconstitutional under *Bruen*." *United States v. Swan*, 91 F.4th 1052, 1059 n.7 (10th Cir. 2024).

Currently, the Second, Third, Fifth, and Ninth Circuits found their pre-*Bruen* circuit precedent was overruled—whereas the Fourth, Sixth, Eighth, Tenth, and Eleventh Circuits reached the opposite outcome. *Compare Antonyuk v. Chiumento*, 89 F.4th 271, 298 (2d Cir. 2023), *Range v. AG United States*, 69 F.4th 96, 101 (3d Cir. 2023) ("*Bruen* abrogated our Second Amendment jurisprudence."), *Rahimi*, 61 F.4th at 450, *and Young v. Hawaii*, 45 F.4th 1087, 1092 (9th Cir. 2022), *with United States v. Claybrooks*, 90 F.4th 248, 256 (4th Cir. 2024), *United States v. Burgess*, 2023 U.S. App. LEXIS 873, at *13 (6th Cir. Jan. 13, 2023), *United States v. Sitladeen*, 64 F.4th 978, 987 (8th Cir. 2023) ("*Flores* is undisturbed by *Bruen*."), *Vincent*, 80 F.4th at 1199–1202, *and United States v. Dubois*, 2024 U.S. App. LEXIS 5337 (11th Cir. Mar. 5, 2024) (finding *Bruen* did not abrogate circuit precedent).

This Court shall adhere to controlling Tenth Circuit precedent, as it must.

[3] The linkage of arms-bearing and citizenship are cited in the following Founding-era sources: (1) the first Militia Act, 1 State. 271 (1792); (2) Federalist Paper No. 46; (3) Pennsylvania Const. art. I, § 21 (1790), Kentucky Const. art. XII, cl. 23 (1792), Mississippi Const. art. I, § 23 (1817), Connecticut Const. art. I, § 15 (1818), Alabama Const. art. I, § 27 (1819), and Maine's Const. art. I, § 16 (1819). Later legal sources indicate the same relationship to citizenship and firearms carrying, including: (1) Michigan's Supreme Court in *United States v. Sheldon*, 5 Transactions of the Supreme Court of the Territory of Michigan 337, 346 (W. Blume ed. 1940); (2) Tennessee's Supreme Court in *Aymette v. State*, 21 Tenn. (2 Hum.) 154, 160 (1840); and (3) the Freedmen's Bureau Act, 14 Stat. 173 (1866).

[4] The Court notes that the pending Supreme Court case of *United States v. Rahimi*, No. 22-915, *cert. granted* 143 S. Ct. 2688 (argued Nov. 7, 2023), is on-point. Although that case dealt with § 922(g)(8), the United States argued that the history and tradition of firearm regulations in the United States allows Congress to disarm individuals who are not "law-abiding, responsible citizens." *See generally* Br. of Pet'r, *United States v. Rahimi*, No. 22-915 (2023). In

Nevertheless, the Court will assume—without deciding—that the Second Amendment could apply to unlawfully present aliens. *United States v. Huitron-Guizar*, 678 F.3d 1164, 1169 (10th Cir. 2012). Given the ambiguity[5] at issue, the Court will not pave a new road by answering the first step; instead resolving the issue under the second step of the *Bruen* inquiry.

## II. Historical Tradition

If the Government shows a regulation is "consistent with the Nation's historical tradition of firearm regulation," the Section 922(g)(5) will survive the constitutional challenge. *Bruen*, 597 U.S. at 17. In so doing, the Government need not identify a "historical twin . . . to pass constitutional muster." *Id.* at 30.

In support of its argument, the Government cites to the history of noncitizen firearms regulations compiled by other courts[6] (**Doc. 38 at 3–4 & 10–16**). The Court is convinced that a

---

opposition, Mr. Rahimi argued that the statute violates the Second Amendment on its face because the Second Amendment protects the firearm rights of all United States citizens. *See* Br. of Respondent.

[5] The question of whether illegal aliens are included in the Second Amendment's phrase "the people" is a complicated question that neither the Tenth Circuit nor the Supreme Court have answered. As such, the Court takes heed of the canon of constitutional avoidance. *See Integrity Advance, LLC v. Consumer Finance Protection Bureau*, 48 F.4th 1161, 1178 (10th Cir. 2022) (Phillips, J., concurring); *see also* ANTONIN SCALIA & BRYAN GARNER, *Reading Law: The Interpretation of Legal Texts* 247–48 (2012).

[6] *See, e.g., Sitladeen*, 64 F.4th at 987; *United States v. Perez*, 6 F.4th 448, 456–463 (2d Cir. 2021) (Menashi, J., concurring) (detailing a history of colonial America in which "alien men . . . did not have the right to bear arms"); *Rangel-Tapia*, 2024 U.S. App. LEXIS 5591 (6th Cir. Mar. 6, 2024); *United States v. Dasilva*, No. 21-cr-267, 2022 U.S. Dist. LEXIS 213106, at *12 (M.D. Penn. Nov. 23, 2022) ("A substantial historical and traditional basis from the pre-Founding Era and Founding Era exists which provides well-established and representative historical analogues to § 922(g)(5) prohibiting an illegal alien from possessing a firearm and ammunition." (cleaned up)).

For the full litany of the district court cases cited by the Government (**Doc. 38 at 3–4**)—as well as those found by the Court—*see United States v. Medina-Cantu*, No. 22-cr-426, 2023 U.S. Dist. LEXIS 74907, at *11 (S.D. Tex. Jan. 10, 2023) (finding that the Second Amendment's use of "the people" does "not include aliens illegally present in the United States"); *Galvan-Marcelo v. United States*, No. 21-cv-884, 2023 U.S. Dist. LEXIS 80679, at *17 (S.D. Ind. May 9, 2023) (stating that a Second Amendment attack on § 922(g)(5) is "perfunctory and devoid of any citation to authority"); *United States v. Escobar-Temal*, No. 22-cr-393, 2023 U.S. Dist. LEXIS 107113, at *13–16 (M.D. Tenn. June 21, 2023) (determining that "laws requiring oaths [of allegiance] are sufficiently analogous to § 922(g)(5)"); *United States v. Andrade-Hernandez*, No. 23-cr-26, 2023 U.S. Dist. LEXIS 129889, at *12 (S.D. Miss. July 27, 2023) ("These laws restricted from firearm ownership those already excluded from the political community of the time around the ratification."); *United States v. D'Luna-Mendez*, No. 22-cr-367, 2023 U.S. Dist. LEXIS 120313 (W.D. Tex. July 28, 2023) (explaining that "the Second Amendment does not apply to illegal aliens" under Fifth Circuit precedent and that *Bruen* did not overrule this precedent); *United States v. Morales-Gonzales*, No. 23-cr-129, 2023 U.S. Dist. LEXIS 181714, at *4 (N.D. Okla. Oct. 10, 2023) (explaining that *Bruen* did not overrule the Tenth Circuit precedents of *McCane* or *Huitron-Guizar*); *United States v. Gil-Solano*, No. 23-cr-18, 2023 U.S. Dist. LEXIS 184949, at *10 (D. Nev. Oct. 16, 2023) (finding that under step two of *Bruen* the "early American laws requiring

sufficient and substantial historical tradition of prohibiting illegal aliens from possessing firearms exists. *See Demore v. Kim*, 538 U.S. 510, 522 (2003) (endorsing "the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens"). Section 922(g)(5) passes constitutional muster.

Therefore, the Court concludes that the historical precedent from before, during, and after the Founding-era demonstrates a tradition of regulating noncitizens' right to keep and bear arms comparable to § 922(g)(5).

## CONCLUSION

For the reasons described above, the Court finds that Section 922(g)(5) does not run afoul of the Second Amendment. Ultimately, the Government identifies historical limitations on noncitizens' right to bear arms—justifying its regulation. And because the Government met its burden under the second prong of *Bruen*, Mr. Figueroa-Camarillo's Motion to Dismiss Count Three (**Doc. 31**) must be **DENIED**.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

loyalty oaths imposed comparable burdens on firearms possession, with comparable justifications"); *United States v. Ruiz*, No. 23-cr-105, 2023 U.S. Dist. LEXIS 194932, at *2 (S.D. Ala. Oct. 31, 2023) (explaining § 922(g)(5) does not violate the Second Amendment under *Bruen*); *United States v. Vazquez-Ramirez*, No. 22-cr-87, 2024 U.S. Dist. LEXIS 5535 (E.D. Wash. Jan. 10, 2024) (concluding "that § 922(g)(5) is consistent with this Nation's historical tradition of firearm regulation."); *United States v. Deborba*, No. 22-cr-5139, 2024 U.S. Dist. LEXIS 16381 (W.D. Wash. Jan. 30, 2024); *United States v. Bernabe-Martinez*, No. 22-cr-276, 2024 U.S. Dist. LEXIS 34464 (D. Idaho Feb. 26, 2024); *United States v. Pena-Moreno*, No. 23-20202, 2024 U.S. Dist. LEXIS 59716 (E.D. Mich. Mar. 31, 2024).