IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

          Plaintiff,

v.                                                            No. 1:23-CR-00946-WJ-1

**MARIO FIGUEROA-CAMARILLO**,

          Defendant.

### MEMORANDUM OPINION AND ORDER
### AFFIRMING PRONOUNCED ORDER and
### DENYING MOTION TO SUBSTITUTE COUNSEL

**THIS MATTER** comes before the Court on Mr. Noah Gelb's Motion to Determine Status of Representation (**Doc. 59**), filed June 28, 2024. In this Motion, defense counsel explains that Defendant Figueroa-Camarillo "indicated that he wants undersigned counsel to withdraw from representation and wishes to retain[1] new counsel or to have new counsel appointed." *Id.* at ¶ **5**. Counsel states "there may be a breakdown of attorney-client communication which may present an irreconcilable difference between undersigned counsel and [the Defendant]." *Id.* at ¶ **6**. Pursuant to Mr. Gelb's request, *id.* at ¶ **7**, the Court held a hearing on the motion to determine representation.

### THE HEARING

At the hearing on July 16, 2024, defense counsel explained that Defendant "wishes" to have a new lawyer—not that Defendant will not communicate with current trial defense counsel (**Doc. 62**). Counsel stated he was "happy" to proceed in representing Defendant (and highlighted that is why the Motion was stylized as a "Motion to Determine Status of Representation" and not

---

[1] Defendant is indigent—as detailed in the financial affidavit (**Doc. 8**). That is why he was appointed counsel from the federal public defender's office (**Docs. 7 & 54**). Although the motion references retaining counsel, *see* **Doc. 59**

a Motion to Withdraw). ***Ibid.*** Defendant, upon questioning from the Court, articulated he wants new counsel because he needs another point of view. ***Ibid.***

The United States proffered that the case will not be dismissed (**Doc. 61**). The United States also explained that a final plea offer was extended—but not accepted. ***Ibid.*** This means, the only resolution remaining is trial.

## DISCUSSION

As stated on the record, the Court does **not** find good cause exists to substitute trial defense counsel. When the Court asked Defendant why he wanted new counsel, he only expressed a generalized[2] desire for more investigation and/or another point of view. This is not sufficient. *See, e.g., United States v. Williamson*, 859 F.3d 843, 859–60 (10th Cir. 2017); *United States v. Dunbar*, 718 F.3d 1268, 1276 (10th Cir. 2013); *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005); *United States v. Johnson*, 961 F.2d 1488, 1490–91 (10th Cir. 1992).

It appears that the request for new counsel was simply a visceral response to unfruitful plea negotiations. But Defendant's desire to have another point of view is not enough to show good cause. *See Dunbar*, 718 F.3d at 1276 (explaining disagreement between a Defendant and his counsel is not enough). Likewise, a breakdown in plea negotiations is not a valid basis for postponing trial or substituting defense counsel. *See United States v. Dominguez*, 998 F.3d 1094, 1119 (10th Cir. 2021) (noting "a defendant has *no right to be offered a plea* (emphasis in

---

**at ¶ 5**, the prospect of Defendant retaining private counsel did not come up at the hearing. To the extent Defendant wishes to procure private for-hire counsel, he is free to do so (but this will not result in a continuance of the trial).

[2] In an unpublished case, the Tenth Circuit stated that when a Defendant "has shown only that he was dissatisfied with his lawyer . . . that is not enough." *United States v. Perkins*, 342 F. App'x 403, 407 (10th Cir. 2009) (unpublished).

In a similar vein, several courts of appeals have concluded a motion to substitute counsel should be denied if a Defendant only levies generalized dissatisfaction. *See, e.g., United States v. Rivera*, 348 F. App'x 461, 463 (11th Cir. 2009) (unpublished) (per curiam) ("A district court does not err in denying a motion to withdraw based on a defendant's general dissatisfaction with his attorney."); *United States v. Davidson*, 195 F.3d 402, 407 (8th Cir. 1999) (explaining an accused is "not guaranteed perfect representation or even a 'meaningful relationship' with counsel");

original)); *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) (establishing the "good cause" standard for substitution of counsel). Ultimately, Defendant failed to put forth evidence of "a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

As explained below, none of the four factors outlined in *United States v. Williamson*, 859 F3d 843, 860 (10th Cir. 2017), favor Defendant's request.

First, the request is not timely (given that trial begins in approximately one month).[3] Second, as discussed above, dissatisfaction with plea negotiations is not a justifiable reason for substituting counsel. Defendant has no right to be offered a plea—thus, any discontent with the terms of the offered plea cannot create a sufficient reason to replace counsel. Third, as mentioned at the hearing, the Defendant-attorney conflict is not "so great" that is has resulted in a total breakdown of communication.[4] Additionally, Defendant did not request that his second chair be replaced—thereby mitigating any potential communication issues. And fourth, the Court finds that Defendant substantially and unreasonably contributed to the breakdown in communication.[5]

---

*United States v. Willis*, 651 F. App'x 291, 293 (5th Cir. 2016) (unpublished) (per curiam) ("[V]ague claims of dissatisfaction," were insufficient to warrant the appointment of new counsel).

[3] The Court acknowledges that the Motion was filed six weeks prior to the start of trial. But even if the six-week mark is used to determine timeliness, the Court finds that the request was untimely. The Supreme Court and Tenth Circuit have long recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness ***and against the demands of its calendar***." *United States v. Holloway*, 826 F.3d 1237, 1241–42 (10th Cir. 2016) (quoting *United States v. Gonzalez-Lopez*, 584 U.S. 140, 152 (2006)).

In fact, the trial dates were just extended from June to August (**Docs. 49 & 50**) at Defendant's request. This case has been heading towards trial for quite some time—and this late request to appoint new counsel is not well-taken.

[4] In the pleading, defense counsel states "there may be a breakdown of attorney-client communication." **Doc. 59 at ¶ 6**. As pleaded, this is insufficient to warrant substitution. The testimony and proffer at the hearing cement this conclusion. Mr. Gelb stated he was "happy" to continue in his representation. And Defendant tacitly agreed. Whatever communication issues exist, they do not preclude the mounting of an adequate defense.

Plus, as mentioned above, Defendant was appointed secondary trial defense counsel (**Doc. 54**). To the extent Defendant is dissatisfied with Mr. Gelb's ability to convince the United States to offer him a better deal, no such communication issues exist—at least on the record—with respect to Ms. Brown.

[5] Mr. Gelb has represented Defendant since June 27, 2023 (**Doc. 7; Doc. 59 at ¶ 2**). This recent discontent stems wholly from an inability to get a better plea offer. Consequently, Defendant's claim that he is dissatisfied with Mr.

It appears Defendant has no problem communicating with counsel when he agrees with counsel's message. Instead, Defendant only takes issue with the plea negotiations. Thus, meaningful communication is clearly possible when Defendant chooses to engage in it. *See Dunbar*, 718 F.3d at 1277–78 (finding the district court "reasonably credit[ed] counsel's comments . . . that Defendant was the one solely responsible for any failure of communication"). In sum, after weighing these factors, the Court concludes good cause does not exist to support counsel's motion to withdraw.

It bears repeating: Defendant is being represented adequately, effectively, and zealously. *See United States v. Rodriguez*, 2024 U.S. App. LEXIS 8365, at *6 (10th Cir. Apr. 8, 2024) (unpublished) (explaining "it was not improper for the court to opine on counsel's performance"); *see also United States v. Byrum*, 567 F.3d 1255, 1266 (10th Cir. 2009); *United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999).

* * *

For the reasons set forth above, the Court **DENIES** the Motion (**Doc. 59**). Mr. Gelb and Ms. Brown will continue to represent Defendant in this matter. Trial will begin as scheduled on August 12, 2024.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

Gelb because he has failed to negotiate a more favorable plea does not establish good cause (because the United States' decision to offer Defendant a more favorable plea, or not, is outside Mr. Gelb's control).