IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.

                                                             No. 1:23-CR-00946-WJ-1

**MARIO FIGUEROA-CAMARILLO**,

                Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S SIXTH MOTION FOR CONTINUANCE**

**THIS MATTER** is before the Court upon Defendant Mario Figueroa-Camarillo's Unopposed[1] Motion to Continue Trial (**Doc. 63**). For the reasons that follow, the Court concludes that the motion is not well-taken and is therefore **DENIED**.

BACKGROUND

Following a traffic stop on December 6, 2022, Defendant was arrested for state law violations. *See* **Doc. 53** (denying the motion to suppress and discussing the traffic stop). In June 2023, a three-Count Indictment (**Doc. 10**) was filed charging him with violations of: (1) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), (2) 18 U.S.C. § 924(c)(1)(A)(i), and (3) 18 U.S.C. § 922(g)(5). ***Ibid.***

Relevant here is the fact current defense counsel has represented Defendant throughout the entirety of this case (**Doc. 7**). Over the last few months, while this case has been trending towards the firm trial setting, Defendant was appointed secondary trial defense counsel (**Doc. 54**). In the

---

[1] The pleading indicates that the United States does not oppose the continuance. The Court finds this perplexing—given that on July 16, 2024 (just two days before this motion was filed), the United States explained that trial needed to happen in August. *See* **Doc. 61**.

thirteen months since this case was filed (**Doc. 1**), Defendant has requested six continuances. *See* **Docs. 18, 20, 24, 34, 49, 63**.

This latest request (**Doc. 63**) comes as trial is less than a month away. As explained below, the Court finds a sixth continuance is not in the interest of justice. The time for trial is now.

## DISCUSSION

When ruling on a motion to continue, a district court should consider: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021); *see also United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (listing the same factors). As detailed below, each factor supports denying the continuance.[2]

**I. Defendant Has Not Acted Diligently**

At the outset, the Court must consider if Defendant diligently sought the continuance. The Court concludes that he has not. This case has been scheduled for trial since May (**Doc. 50**). In fact, this trial has been repeatedly set, continued, and reset.

It appears this latest continuance request is based on additional discovery[3] (**Doc. 63 at ¶¶ 6–8**). The fact the United States provided additional discovery, alone, is an insufficient ground for a continuance. *See United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009) (explaining

---

[2] Candidly, the Court feels as though Defendant is playing games to delay trial. In late June 2024, Defendant requested new counsel (**Doc. 59**). Now, he requests a sixth continuance. The Court will not allow Defendant to continue gaming the system.

[3] Defense counsel also requested the continuance to "explore pretrial resolution." **Doc. 63 at 5**. The Court will not grant a sixth continuance for this reason either—for the reasons explained *infra* ¶¶ II–IV.

a continuance based on "need[ing] additional time to prepare for trial" based on "discovery" is insufficient).

Either way, this factor supports the denial of the continuance.

## II. Delay Will Not Accomplish Any Stated Purpose[4]

Here, the "stated purpose" of the continuance is to allow Defendant more time to additional discovery. But the United States routinely turns over additional discovery in the months (or weeks) leading up to trial. That is the very nature of the "continuing" duty to disclose. *United States v. Elk*, 185 F. App'x 716, 723 n.10 (10th Cir. 2006) (unpublished) (citing Fed. R. Crim. P. 16).

Again, although more time to read and review discovery is always potentially helpful, it is not necessary. Current defense counsel has represented Defendant for over a year—and has had plenty of time for trial preparation. *See United States v. Aguilera-Meza*, 329 F. App'x 825, 831 (10th Cir. 2009) (unpublished) ("Here, the district court had granted several motions for continuance . . . [and] by the time the case was finally tried, Aguilera-Meza's counsel had worked on the case for over one year and presumably understood the issues.").

Defense counsel also requests more time to "explore pretrial resolution." **Doc. 63 at 5**. The latter is undoubtedly not a sufficient reason for a continuance at this juncture. First, the United States is never required to offer a plea. *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain."); *United States v. Contreras*, 108 F.3d 1255, 1272 (10th Cir. 1997); *United States v. Lujan-Lopez*, 616 F. App'x 878, 883 (10th Cir. 2015)

---

[4] At the hearing on July 16, 2024, the issue of the plea deadline was raised (**Doc 61**). Both the United States and defense counsel agreed that the plea offer would remain "open" until Thursday, July 18. ***Ibid.*** But instead—counsel decided to file an unopposed motion relitigating the same issues.
 The Court made clear, on the record, that Defendant's desire to conduct additional investigation was not grounds for substituting counsel and delaying the trial (**Docs. 61 & 62**). The parties were present. The parties heard the Court's position. The parties responded to the Court.
 So why do the parties think the Court didn't mean what it said?  Somehow more time is now required to negotiate the plea. And more time is needed to investigate. Once again, the Court disagrees.

(unpublished). And second, there comes a time when a Defendant is required "to make a decision—either plead guilty or go to trial." *United States v. Cano-Varela*, 497 F.3d 1122, 1133 (10th Cir. 2007). That time is now.

Apparently thirteen months has not been long enough for counsel to prepare for trial or try to negotiate a plea. On five prior occasions, Defendant has requested continuances. But at this point, it seems this case caught in an infinite loop[5] of motions to continue. If thirteen months with the same defense counsel isn't enough time to prepare, what will be?

Much like the boy who cried wolf, repeatedly invoking the same two bases for continuances (*i.e.*, the need to (1) review discovery, and (2) discuss a negotiated resolution), means that over time the veracity of the claim dissipates.

For instance, the Court can make the courtroom available for counsel to meet with Defendant. The Court can set status conferences to ensure Defendant is transported from pretrial detention. The Court can allow for motions to be filed up until the pretrial conference. There are many ways to provide Defendant and counsel with more time for trial preparation without continuing this case.

This factor is, like the previous factor, favors denial.

### III. Inconvenience to Opposing Party, Witnesses, and the Court

"Any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)). This factor weighs extremely heavily in the Court's view.

---

[5] Much like Bill Murray's character in the movie "Groundhog Day," (who repeats the same day over and over), this Court is once again confronted with a motion to continue. But this Groundhog Day style of continuance litigation is in need of a change.

For the sixth time in eleven months, defense counsel filed a motion to continue. And as explained at the July 16, 2024, hearing, granting yet another continuance would inconvenience the United States, witnesses, and this Court. Back then (just a few days ago) the United States opposed a continuance (**Doc. 61**). Now, inexplicably, the United States does not oppose the requested continuance (**Doc. 63**). The Court takes issue with this continuance request, though.[6]

It should come as no surprise that the Court has a busy docket. In fact, there are firm settings for jury trials practically every week until December. *See Cervantes*, 4 F.4th at 1094 (finding that the district court's full calendar weighed against the continuance); *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007) (explaining a district court has "wide latitude" when balancing continuances against the "demands of [the court's] calendar"). Given the scheduling constraints—not only of this Court, but of two defense counsel and two prosecutors and numerous witnesses—Defendant's request for a continuance of sixty days (**Doc. 63 at 1**) may very well mean a 2025[7] trial. *See United States v. McClaflin*, 939 F.3d 1113, 1118 (10th Cir. 2019) (finding the inconvenience to witnesses, victims, and the trial court were all appropriate considerations).

This factor weighs heavily in favor of denying the continuance.

**IV. Denying the Continuance Does Not Harm Defendant**

As mentioned above, the purpose of the continuance is to provide Defendant—and

---

[6] Although the parties can agree to many things, simply because a motion is unopposed does not mean it is automatically granted. *See, e.g., United States v. Penuelas-Gutierrez*, 774 F. App'x 493, 498 (10th Cir. 2019) (unpublished) (finding it was not an abuse of discretion to deny an unopposed motion to continue); *United States v. Wiley*, 2024 U.S. App. LEXIS 2439, at *6 (5th Cir. Feb. 2, 2024) (unpublished) ("[A] court is not required to grant every unopposed motion." (citation omitted)).

[7] A busy docket is not a permissible factor to consider when granting a continuance. *See United States v. Keith*, 61 F.4th 839, 851 (10th Cir. 2023); *United States v. Herrera*, 51 F.4th 1226, 1280 (10th Cir. 2022). That's because a busy docket is not in the ends of justice. *Toombs*, 574 F.3d at 1269. The Court can, however, consider its docket when denying a continuance. *Herrera*, 51 F.4th at 1280 (explaining a district court can consider the implications of a continuance with the Defendant's speedy trial rights) (quoting *United States v. Andrews*, 790 F.2d 803, 808 (10th Cir. 1986)). Phrased another way, the Court's calendar is busy—but this is not a legitimate reason *for* the Court could grant a continuance. At the same time, however, a busy calendar necessarily implicates Defendant's speedy trial rights—so the Court *can* consider its docket for this purpose when denying the continuance.

counsel—with more time to review discovery and try to negotiate a plea. But granting a sixth continuance causes the Court concern under the Speedy Trial Act. As mentioned previously, rescheduling this case for trial will be a daunting task. And a congested docket does not override the Defendant's speedy trial rights. *See Herrera*, 51 F.4th at 1280 (noting the tension between continuances and speedy trial and finding the "district court acted reasonably in declining to grant a fourth continuance").

In the motion, defense counsel did not articulate any specific hardship that would result from denying the continuance. Rather, counsel simply stated platitudes about needing more time to prepare for trial. This is insufficient. *See, e.g., United States v. Barnes*, 620 F. App'x 668, 671 (10th Cir. 2015) (unpublished) (finding the Defendant "provided the Court with zero compelling reasons" to support a continuance); *United States v. Schurrer*, 1998 U.S. App. LEXIS 21009, at *16 (10th Cir. Aug. 26, 1998) (unpublished) (finding a fourth continuance unnecessary); *United States v. Hannaford*, 2024 U.S. App. LEXIS 16262, at *4 (10th Cir. July 3, 2024) (unpublished) (finding no abuse of discretion when the district court denied a fifth motion to continue).

But this case is not unusual or complex. And denying the sixth continuance request will not result in a miscarriage of justice. Neither will it impede counsel's ability to effectively prepare.[8]

Plus, the Court must balance the need to prepare for trial with the need for a speedy trial. After a certain point, repeated continuances in the interest of justice become harder and harder to square with the Defendant's speedy trial rights.[9] All that to say, the Court believes that granting this sixth continuance request would be more prejudicial to Defendant (by way of his speedy trial

---

[8] On this point, the Court reaches this conclusion because current defense counsel has represented Defendant for the entirety of this case. But even if thirteen months has not been long enough, the Court provided numerous ways for Defendant and counsel to conduct meaningful trial preparation. *See supra* ¶ II.

[9] On this point, the Court need not (and does not draw) any line in the sand. But it a fourth, fifth, sixth, or later motion to continue certainly implicates a Defendant's speedy trial rights more often than the first or second motion to continue.

rights) than the denial would be to trial preparation (*see supra* ¶ II). As Justice Stewart explained, "continuances, particularly if they are repeated, work against the important values implicit in the constitutional guarantee of a speedy trial." *Groppi v. Wisconsin*, 400 U.S. 505, 510 (1971).

When, as here, the "sole explanation" for a continuance is that Defendant needs "additional time to prepare for trial," that is an inadequate basis for a continuance. *Toombs*, 574 F.3d at 1272.

## CONCLUSION

Denying Defendant's sixth request for a continuance does not deprive him of "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Denying this sixth continuance does not result in a miscarriage of justice in this run-of-the-mill case. *Id.* at § (h)(7)(B)(i)–(ii). Additionally, Defendant's desire for a continuance does not "outweigh the best interest" of Defendant's speedy trial right. 18 U.S.C. § 3161(h)(7)(A). The Court, therefore, finds Defendant has not carried his burden in establishing a need for the continuance.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Continue (**Doc. 63**) is **DENIED**. Trial will begin as scheduled on August 12, 2024.

/s/

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE