# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

No. 1:23-CR-00946-WJ-1

**MARIO FIGUEROA-CAMARILLO**,

Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SEVER

**THIS MATTER** comes before the Court upon Defendant's Motion to Sever Count 3 (**Doc. 64**).[1] Having reviewed the briefing and the applicable law, the Court concludes Defendant failed to carry his burden and prove severance is warranted. Defendant's Motion is **DENIED**—and the three Counts in the Superseding Indictment will be tried together.

## PENDING CHARGES

Defendant is charged in a three count Superseding Indictment[2] (**Doc. 93**) with: (1) possession with intent to distribute 50 grams and more of a mixture and substance containing

---

[1] The United States "oppose[d]," Defendant's motion (**Doc. 64 at 2**). *See* D.N.M.LR-CR 47.1. For some reason, however, the United States did not file a formal Response. D.N.M.LR-CR 47.8.

    At this point, the Court has waited more than the fourteen allotted days for the United States to file its Response. Defendant's motion is ready for a decision.

[2] The Court notes that there is no substantive difference between the Indictment (**Doc. 10**) filed in June 2023 and the Superseding Indictment (**Doc. 93**) filed in July 2024. Instead, the United States simply corrected a scrivener's error.

    In the Indictment (**Doc. 10**), Count Three inadvertently stated "In violation of 18 U.S.C. §§ 922(g)(1) . . . ." *Id.* **at 2**. The Indictment's header correctly recited the charge as § 922(g)(5). Likewise, the substance of the charge made clear that the offense was being an alien in possession not a felon in possession. *Ibid.*

    This scrivener's error did not affect the substance of the Indictment or the crimes for which Defendant had been charged. *See United States v. Kaiser*, 599 F.2d 942, 943 (10th Cir. 1979); *see also* Fed. R. Crim. P. 7(c)(2). By all accounts, the Superseding Indictment permissibly amended the Indictment "as to form." *United States v. Stegman*, 873 F.3d 1215, 1223 (10th Cir. 2017); *United States v. Pina*, 972 F.2d

methamphetamine, (2) using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such a crime, and (3) being an alien in possession of a firearm and ammunition. Count One alleges a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Next, Count Two alleges a violation of 18 U.S.C. § 924(c)(1)(A)(i). Finally, Count Three alleges a violation of 18 U.S.C. § 922(g)(5).

## LEGAL STANDARDS FOR JOINDER AND SEVERANCE

The Federal Rules of Criminal Procedure allow for joinder of offenses in a single Indictment. Rule 8(a) allows for the joinder of multiple offenses when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Importantly, Rule 8 is to be construed broadly "to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997). Additionally, a "single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014).

Nevertheless, a Defendant may move for severance if they can show a joint trial would prejudice their defense. *See* Fed. R. Crim. P. 14(a) ("If the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."). To prevail on a motion to sever, a Defendant bears "a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1978) (citation omitted). The Supreme Court has stated "a district court should grant severance under Rule 14 ***only if*** there is a serious risk that a joint trial would compromise a specific trial right of [] the defendant[], or prevent

---

1241, 1243 (10th Cir. 1992); *United States v. Ream*, 506 F. App'x 842, 844–45 (10th Cir. 2013) (unpublished).

the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (emphasis added). The Supreme Court went on to explain that criminal defendants are "not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

At the end of the day, the decision to sever a trial is left to "the sound discretion" of trial court. *Zafiro*, 506 U.S. at 541. Before exercising this discretion, however, the trial court must "weigh prejudice to the defendant caused by joinder against the 'obviously important considerations of economy and expedition in judicial administration.'" *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979)).

## DISCUSSION

Defendant argues the following:

> The Sixth Amendment right to a jury trial compels severance of count 3 in Mr. Figueroa-Camarillo's case. That Mr. Figueroa-Camarillo is allegedly a Mexican citizen without lawful immigration status is a fact that would be inadmissible evidence with respect to counts 1 and 2. With respect to the other counts, the unfair prejudice caused by evidence and arguments that Mr. Figueroa-Camarillo is a non-citizen substantially outweighs its slight or non-existent probative value. Jurors are not likely to be able to effectively compartmentalize evidence of Mr. Figueroa-Camarillo's lack of immigration status from their deliberations as to guilt or innocence on the other counts.

**Doc. 64 at 3–4**. Defense counsel goes on to explain that prejudice may arise from "the strong societal and political views held by many potential jurors related to the topic of unauthorized immigration." ***Ibid.***

As explained below, this argument is unavailing.

## I. Joinder Was Proper Under the Rules and Severance is Not Warranted

The Counts in this case are "of the same or similar character," ***and*** "based on the same act

or transaction." Fed. R. Crim. P. 8(a). As stated in a previous Memorandum Opinion and Order:

> On December 6, 2022, New Mexico State Police ("NMSP") Officer Santana conducted a traffic stop. The stop was initiated because NMSP identified the truck that Mr. Figueroa-Camarillo was driving was stolen. Mr. Figueroa-Camarillo provided his Mexican passport as identification—and later, NMSP Officer Santana located a "fully loaded 9mm magazine in the pocket of his hoodie sweatshirt." A pre-tow inventory was conducted following the arrest. During the inventory, law enforcement discovered methamphetamine, fentanyl, a Taurus 9mm pistol, and ammunition.

**Doc. 46 at 1–2** (internal citations omitted). Clearly the Superseding Indictment alleges that all three Counts occurred "on or about December 6, 2022." **Doc. 10,** *passim*. All three Counts all revolve around the same traffic stop—and are all based on the same act of possessing drugs, firearms, and ammunition. Joinder was proper under Rule 8(a).

Thus, Defendant bears the burden of showing "real prejudice." *See United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). In order to satisfy this burden, Defendant must show that joinder would cause actual prejudice to his defense that outweighs the cost and inconvenience of separate trials. *See United States v. Thomas*, 849 F.3d 906, 911–12 (10th Cir. 2017) (citing *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009)). Essentially, Defendant's right to a fair trial must be threatened or deprived. *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). At the same time, however, a Defendant cannot claim prejudice where the "charges grew out of the defendant's own conduct." *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008) (quoting *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983)).

First, joinder was appropriate under Rule 8(a) because the charges arise from a single traffic stop—meaning there will be significant overlapping witnesses and evidence. Second, the firearms offenses are of a similar character. *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993). Counts One and Two relate to one another—insofar as the "drug trafficking crime" element in Count Two is Charge One, itself. Count Three, however, criminalizes the possession of the firearm

and ammunition by an illegal alien. To the extent these offenses overlap—they do not "unfairly overlap[]." *Id.*

Defendant has not proved prejudice from his status as an illegal alien. But even assuming there is the potential for prejudice, severance is not the appropriate remedy. On this point, the Court highlights that noncitizens are tried in federal court for these very charges all the time. *See generally United States v. Bustos*, 303 F. App'x 656 (10th Cir. 2008) (unpublished) (affirming convictions following a joint trial for violations of: (1) possession with intent to distribute methamphetamine, (2) possession of a firearm in further of a drug trafficking crime, and (3) alien in possession); *United States v. Luke-Sanchez*, 483 F.3d 703 (10th Cir. 2007) (same); *United States v. Cota-Gastelum*, 404 F. App'x 307 (10th Cir. 2010) (unpublished) (same); *United States v. Silva-Arzeta*, 602 F.3d 1208 (10th Cir. 2010) (same); *United States v. Sanchez-Garcia*, 150 F. App'x 909 (10th Cir. 2005) (unpublished) (same); *United States v. Velasquez-Tello*, 1998 U.S. App. LEXIS 150 (10th Cir. Jan. 7, 1998) (unpublished) (same).

Candidly, any qualms over Defendant's status as a Mexican national or illegal alien is a matter for *voir dire*[3]—not a reason to sever a trial. *See United States v. Mercado-Gracia*, 989 F.3d 829, 841 (10th Cir. 2021) (explaining "counsel could have asked . . . prospective jurors about any biases they might have against Mexican nationals or immigrants"); *see generally Rosales-Lopez v. United States*, 451 U.S. 182 (1981) (explaining a juror's prejudice towards aliens affected impartiality).

Alternatively, or additionally, a limiting instruction is sufficiently curative. *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009) (advising the jury that "the guilt or innocence

---

[3] Defense counsel seem well aware that any such bias is properly rooted out during jury selection. In the proposed *voir dire* filed with the Court (**Doc. 81**), there are numerous questions about Defendant's immigration status.

of a defendant as to each count or offense must . . . be considered separately" is effective); *United States v. Jones*, 530 F.3d 1292, 1299 (10th Cir. 2008) (proper limiting instruction was important consideration in determining whether misjoinder prejudiced defendants); *Valentine*, 706 F.2d at 290 n.7 (recognizing the important role of limiting instructions to reduce the potential prejudice suffered by a Defendant whose motion for severance has been denied); *United States v. Roe,* 495 F.2d 600, 604 (10th Cir. 1974) (finding no abuse of discretion in refusal to grant severance, and finding that court's limiting instruction was "adequate to protect the accused from prejudice"). Our legal system presumes jurors will "attend closely the particular language of instructions in a criminal case . . . and follow them." *Samia v. United States*, 599 U.S. 635, 646 (2023) (cleaned up); *see United States v. Lujan*, 603 F.3d 850, 860 (10th Cir. 2010) (same).

Although the Court's final jury instructions have not yet been filed, the Court notes that Tenth Circuit Pattern Criminal Jury Instruction § 2.45.1 places the "legitimate or illegal" possession of the firearm in Count Two at issue. Thus, Defendant's immigration status has some bearing on this Count as well. Put another way, the law does not require that the jurors "compartmentalize evidence of Mr. Figueroa-Camarillo's lack of immigration status" **Doc. 64 at 3**, in Count Three from "the other counts." ***Id.*** **at 4**. The evidence regarding Defendant's illegal possession (*viz.* because of his status as an illegal alien) for Count Two, therefore sufficiently and logically relates to the evidence to prove Count Three (*i.e.*, his being an alien in possession)— meaning joinder is appropriate. *See, e.g., United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012) (discussing the "sufficiently related" standard of Rule 8); *Cummings v. Sirmons*, 506 F.3d 1211, 1238 (10th Cir. 2007) (noting the "logical relationship" standard for joinder).[4]

---

[4] Nearly one hundred years ago, the Supreme Court explained that "'Transaction' is a word of flexible meaning." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926). The Court went onto explain that a transaction depends "not so much upon the immediateness of their connection as upon their ***logical relationship***." *Ibid.* (emphasis added).

All that to say, a limiting instruction, such as the one that follows, should[5] be sufficient:

> You have heard evidence of Defendant's alleged immigration status. You may consider that evidence only as it bears on the alleged possession of the firearm and ammunition in Count Three. Additionally, Defendant's immigration status may prove helpful in assessing the legal or illegal status of his firearm possession when determining whether his possession furthered a drug trafficking crime. Except in these two circumstances, outlined above, you must not use his immigration status as proof of any crime charged.

10th Cir. Pattern Cr. Jury Instr. §§ 1.30 & 1.11 (modified); *see also Bustos*, 303 F. App'x at 668.

## II. Judicial Economy Concerns Outweigh Any Risk of Prejudice

Having established Defendant failed to show prejudice, the Court turns to weighing the "obviously important considerations of economy and expedition in judicial administration." *Petersen*, 611 F.2d at 1331. As the Court has noted above, this trial will involve a set of operative facts revolving (almost exclusively) around December 6, 2022. Severing this case into separate trials for the same Defendant a month before trial would increase logistical costs and time.

---

Given this precedent, it should come as no surprise that the Tenth Circuit has also held that "transaction" is a word of "flexible meaning." *See, e.g., King Fisher Marine Serv. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990); *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997).

Unsurprisingly, the interpretation of "transaction" in one Rule is relevant to its interpretation in another Rule. *See Delta Air Lines v. August*, 450 U.S. 346, 353 (1981) (noting that the Federal Rules must be given consistent usage in order to avoid "attribute[ing] a schizophrenic intent to the drafters"); ANTONIN SCALIA & BRYAN GARNER, *Reading Law: The Interpretation of Legal Texts* 167–73 (2012) (discussing the consistent usage canon); *see also Marek v. Chesny*, 473 U.S. 1, 21 (1985) (Brennan, J., dissenting) ("[T]he Federal Rules must be given a consistent usage and be read *in pari materia*."). Thus, even though only one Tenth Circuit opinion uses the "logical relationship" phrase when discussing joinder, various other courts of appeals have taken a greater liking to this term of art.

With respect to joinder and the necessary "logical relationship" of charges, this phrase first appears in a Seventh Circuit case. *See United States v. Isaacs*, 493 F.2d 1124, 1159 (7th Cir. 1974) (per curiam). Since then, the Honorable U.S. Circuit Judges Richard Posner and Frank Easterbrook joined opinions deploying this language. *See United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982); *United States v. Koen*, 982 F.2d 1101, 1112 (7th Cir. 1992). Additionally, several panels of the Fourth Circuit—including those comprised of Judges J. Harvie Wilkinson, Paul V. Niemeyer, G. Steven Agee, and Roger Gregory— have also utilized this phrase. *See, e.g., United States v. Haas*, 1995 U.S. App. LEXIS 8916 (4th Cir. Apr. 19, 1995) (unpublished); *United States v. Campbell*, 2009 U.S. App. LEXIS 22717 (4th Cir. Oct. 16, 2009); *United States v. Quinones*, 378 F. App'x 349 (4th Cir. 2010) (unpublished).

[5] The Court is not committed to giving this instruction verbatim. Rather, the proposed instruction is simply a thought—albeit one that finds support in the Tenth Circuit's pattern instructions and case law. During the pretrial conference, during trial, and again during the jury instructions conference, the Court will hear argument of counsel as to the necessity, or lack thereof, of this proposed instruction.

Additionally, the inefficiency of severance is magnified by the fact that each Count requires almost identical proof of nearly identical facts from identical witnesses at trial. Holding two trials on the exact same evidence would be wasteful.

Because Defendant failed to demonstrate prejudice—and that concerns of judicial economy weigh heavily in favor of joint trial—the Court concludes severance is wholly unjustified. *See United States v. Hill*, 786 F.3d 1254, 1272 (10th Cir. 2015) (recognizing the decision to grant severance "lies within the sound discretion of the trial court" (internal citation omitted)); *United States v. Morris*, 573 F. App'x 712, 719 (10th Cir. 2014) (unpublished) (explaining two trials would not serve the interest of justice); *United States v. Pursley*, 577 F.3d 1204, 1218–19 (10th Cir. 2009) (Holmes, J.) ("Granting severance also would have thwarted principles of judicial economy. The district court would have been required, at a minimum, to conduct two four-day trials, rather than just one.").

\* \* \* \* \*

Defendant's Motion to Sever Count 3 (**Doc. 64**) is **DENIED**.

**IT IS SO ORDERED.**

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE